## WALKER v. PLATT.

(Supreme Court, Appellate Term. April 22, 1901.)

BAILMENTS—EXPRESS COMPANY—RECEIPT FOR BAGGAGE—LIMITATION OF LIABILITY.

> Where an express company gave plaintiff a receipt for a trunk check which contained a provision limiting the company's liability, plaintiff was not bound thereby, when she had no knowledge of the contents of the paper, and there was no showing that it was proffered as a contract, or that plaintiff accepted it as anything more than a means to identify her property.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Gisela Walker against Thomas C. Platt, as president of the United States Express Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Walter F. Wood, for appellant.

David E. Goldfarb, for respondent.

PER CURIAM. The appellant argues that we should reverse this judgment on the broad ground that injustice has been done. We find no evidence of it in the record. There is no dispute that the plaintiff's trunk was delivered to the defendant in good condition, and received by her opened and rifled of its contents. The value of the articles was not attacked. The sole material contested question of fact concerns the circumstances under which the receipt was given. The plaintiff claims that it was left on the table in the hall without her knowledge; the defendant, that it was handed to a man who superintended the delivery of trunks. Even were we disposed to weigh the evidence in this case under recent statutory authority (Code, § 3063), we should arrive at the same conclusion as the justice below. Independently of that, however, the plaintiff would be entitled to a full recovery under either version of the facts, as the case is well within the principle of Springer v. Westcott, 166 N. Y. 117, 59 N. E. 693, containing the most recent statement of the law by the court of appeals. It does not satisfactorily appear in this case that the receipt was proffered as a contract, or accepted as such by the plaintiff, or as anything more than something whereby to trace and identify her property. The defendant did not prove that the plaintiff had knowledge of the contents of the paper, of the limitation contained therein, or even that she was advised that the acceptance of the receipt by her agent—if such was the fact—involved the acceptance of a special contract. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.